IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

```
U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
        FILED

     APR 22 2014

CLERK, U.S. DISTRICT COURT
By _____
           Deputy
```

| | | |
|---|---|---|
| JOHN D. AHERN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:14-CV-191-A |
| | § | |
| UNITED STATES, | § | |
| | § | |
| Defendant. | § | |

MEMORANDUM OPINION
and
ORDER

Now before the court is the complaint filed in the above
action by plaintiff, John D. Ahern, naming United States as the
sole defendant.

I.

Background

Plaintiff brought this action pursuant to the Federal Tort
Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 1402(b), 2401(b), and
2671, et. seq. The basis of the complaint is the Bureau of
Prisons's application of 18 U.S.C. § 3621(e) to plaintiff's
circumstances. Section 3621(e) allows the Bureau of Prisons to
reduce the sentence of a prisoner convicted of a nonviolent
felony offense by up to one year upon successful completion of a
residential drug abuse treatment program ("RDAP"). 18 U.S.C. §
3621(e)(2)(B). The statute explicitly vests in the Bureau of

Prisons discretion regarding sentence reductions. Lopez v. Davis, 531 U.S. 230, 233 (2001); Wottlin v. Fleming, 136 F.3d 1032, 1035 (5th Cir. 1998) (per curiam). The regulations governing implementation of § 3621(e) exclude prisoners convicted of certain offenses from receiving a sentence reduction, including, as applicable here, "[a]n offense that by its nature or conduct involves sexual abuse offenses committed upon minors." 28 C.F.R. § 550.55(b)(4)(vii).

Plaintiff alleges that staff at the Bureau of Prisons have informed him that even if he completes the RDAP, he will not receive the one-year reduction in his sentence, because of the effect of § 550.55(b)(4)(vii). Plaintiff maintains, however, that not all sex offenders are treated equally, as some sex offenders are receiving the benefit of early release if their crimes are not the type included in 28 C.F.R. § 550.55.[1] Consequently, the complaint appears to allege two claims: first, allowing some sex offenders the benefit of the RDAP early release provision, while denying it to others who, like him, were convicted of a sex offense involving a minor, violates 28 C.F.R. § 551.90, the Bureau of Prisons's regulation prohibiting

---

[1]Plaintiff refers to 28 C.F.R. § 550.58, the regulation previously in effect. However, the Bureau of Prisons adopted a new version, codified at 28 C.F.R. § 550.55. See Handley v. Chapman, 587 F.3d 273, 279 (5th Cir. 2009).

discrimination against prisoners "on the basis of race, religion, national origin, sex, disability, or political belief." 28 C.F.R. § 551.90. Second, plaintiff also contends that the Bureau of Prisons's policy of excluding him from the RDAP sentence reduction based on his status as a sex offender cannot pass "strict scrutiny" and violates his right to equal protection under the law.

II.

## Treatment of Plaintiff's Complaint

Plaintiff is incarcerated at FCI-Fort Worth, a federal prison, and is proceeding in forma pauperis in this action. Because plaintiff is proceeding in forma pauperis, his complaint is subject to sua sponte screening and dismissal under 28 U.S.C. § 1915(e)(2)(B). Green v. McKaskle, 788 F.2d 1116, 1119 (5th Cir. 1986). Additionally, as a prisoner seeking redress from the government, plaintiff's complaint is subject to preliminary screening under 28 U.S.C. § 1915A, regardless of whether he has paid the full filing fee or is proceeding in forma pauperis. Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir. 1998).

Sections 1915(e)(2)(B) and 1915A(b)(1) each provide for sua sponte dismissal if the court finds that the complaint is either frivolous or fails to state a claim upon which relief may be granted. A claim is frivolous if it "lacks an arguable basis in

3

either fact or law." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325

(1989).  A complaint fails to state a claim upon which relief can

be granted when, assuming that all the allegations in the

complaint are true even if doubtful in fact, such allegations

fail to raise a right to relief above the speculative level.

<u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (internal

quotation marks and citations omitted).

III.

<u>Analysis</u>

As an initial matter, the FTCA does not appear to be the

appropriate means by which to make a complaint concerning

eligibility for a sentence reduction following completion of the

RDAP.  The FTCA provides a limited waiver of the sovereign

immunity of the United States for torts committed by federal

employees acting within the scope of their employment.  28 U.S.C.

§ 1346(b); <u>Berkovitz by Berkovitz v. United States</u>, 486 U.S. 531,

535 (1988).  The FTCA authorizes civil actions for damages

against the United States for personal injury or death caused by

a government employee's negligence when a private individual

under the same circumstances would be liable under the

substantive law of the state in which the negligence occurred.

28 U.S.C. §§ 1346(b), 2674; <u>Hollis v. United States</u>, 323 F.3d

330, 334 (5th Cir. 2003).  Plaintiff's complaint of intentional

4

discrimination regarding implementation of Bureau of Prisons's policies is not the type of action contemplated by the FTCA.[2]

Even if such an action were appropriate, it does not appear that plaintiff has properly exhausted his administrative remedies as required under the FTCA.  The FTCA provides that

> [a]n action shall not be instituted upon a claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a).  A plaintiff's failure to present an administrative claim to the appropriate agency is a defect that deprives the district court of subject matter jurisdiction over the case.  Gregory v. Mitchell, 634 F.2d 199, 203-204 (5th Cir. 1981) (citing Molinar v. United States, 515 F.2d 246 (5th Cir. 1975)).  The requirement to file an administrative claim prior to filing suit can neither be waived nor cured by administrative exhaustion after suit has been filed.  McNeil v. United States, 508 U.S. 106 (1993); Price v. United States, 69 F.3d 46, 54 (5th Cir. 1995).

Here, plaintiff maintains that he "filed the appropriate remedies per BOP policy," Compl. at 2, and that the Bureau of

---

[2]Rather, a complaint concerning eligibility for early release appears more appropriately raised in a habeas action pursuant to 28 U.S.C. § 2241.

Prisons exceeded its allotted response time, lost the documents, and finally rejected the complaint for lack of copies, thus exhausting the administrative remedy process. Attached to the complaint are documents which plaintiff contends demonstrate such exhaustion. The first attachment is titled "Request for Administrative Remedy--Attempt at Informal Resolution," and is identified as form BP-9.

The Bureau of Prisons has in place a process for addressing prisoner complaints, and a prisoner must exhaust those remedies prior to filing a habeas or civil action. Rourke v. Thompson, 11 F.3d 47, 49 (5th Cir. 1993). The Bureau of Prisons's administrative procedures generally require the prisoner first to make an informal complaint to staff and, if not satisfied with the result, to file a formal written complaint to the warden at the institutional level. The formal appeal to the warden is made on the form BP-9. 28 C.F.R. § 542.14(a). If the prisoner is still dissatisfied, he or she may appeal to the Regional Director, with a final appeal, if necessary, to the General Counsel in the Bureau of Prisons's Central Office. See generally 28 C.F.R. §§ 542.10 to 542.18.

The papers attached to the complaint appear to support a conclusion that plaintiff has exhausted, or attempted to exhaust, his administrative remedies through the Bureau of Prisons, but

6

not those required for filing a claim under the FTCA.  Filing a

claim through the Bureau of Prisons's grievance procedures is not

equivalent to initiating the administrative process necessary for

filing an FTCA claim.  See, e.g., Lambert v. United States, 198

F. App'x 835, 840 (11th Cir. 2006).  Instead, initiating a  claim

under the FTCA requires the prisoner to complete a Standard Form

95, 28 C.F.R. § 14.2(a), and file it with the Bureau of Prisons

following the procedures set forth in 28 C.F.R. §§ 543.30 -

543.32.

It thus appears that plaintiff has failed to exhaust his

administrative remedies under the FTCA prior to bringing the

instant action.  Accordingly, the court lacks jurisdiction to

consider plaintiff's FTCA claims.

Even if plaintiff were to argue that exhaustion of Bureau of

Prisons's administrative remedies could substitute for exhaustion

under the FTCA, such an argument would be unavailing in this

action.  Plaintiff contends that the Bureau of Prisons has

violated its own regulation, found in 28 C.F.R. § 551.90,

prohibiting discrimination against prisoners "on the basis of

race, religion, national origin, sex, disability, or political

belief."  28 C.F.R. § 551.90.  Plaintiff's status as a sex

offender convicted of an offense involving a minor, however, is

not within the categories of individuals protected by this

7

regulation, and this claim would necessarily fail.

Similarly unavailing is plaintiff's claim that strict scrutiny must be applied to the Bureau of Prisons's policy of excluding from a potential sentence reduction prisoners convicted of certain sex-related crimes.  The Fifth Circuit, addressing the same argument raised by plaintiff, noted that "[s]trict scrutiny is appropriate only where a government classification implicates a suspect class or a fundamental right."  Wottlin, 136 F.3d at 1036.  However, a "classification that categorizes inmates based on the type of criminal offenses for which they have been convicted does not implicate a suspect class."  Id.  Observing that a prisoner has no constitutional right to be released prior to the expiration of a valid sentence, the Wottlin court held that the Bureau of Prisons's use of crime categories to guide its discretion in implementing the early release provisions of 18 U.S.C. § 3621(e) did not violate a prisoner's right to equal protection.  Id. at 1037.  Plaintiff's complaint is thus effectively foreclosed by the Fifth Circuit's decision in Wottlin.

The result of the foregoing discussion is that even if the court were to accept plaintiff's exhaustion of administrative remedies for purposes of the FTCA, and even assuming that the FTCA is an appropriate mechanism for bringing the type of claims

asserted here, plaintiff's equal protection and discrimination claims concerning his exclusion from the one-year sentence reduction authorized by 18 U.S.C. § 3621(e) would fail.

Plaintiff also filed a motion to amend complaint. The substance of the amendment requested by plaintiff is to add Bureau of Prisons as a defendant. Plaintiff did not seek to add additional claims or causes of action. The United States is the only proper defendant in an action pursuant to the FTCA. Atorie Air, Inc., v. F.A.A. of U.S. Dept. of Transp., 942 F.2d 954, 957 (5th Cir. 1991). Because plaintiff would be unable to assert his FTCA claim against Bureau of Prisons, any amendment of the complaint attempting to do so would be futile.

IV.

Order

Therefore,

The court ORDERS that all claims and causes of action asserted by plaintiff, John D. Ahern, against defendant, United States of America, be, and are hereby, dismissed for want of jurisdiction.

SIGNED April 22, 2014.

JOHN McBRYDE
United States District Judge

9